ADAM WANG (STATE BAR NUMBER 201233)
LAW OFFICES OF ADAM WANG
12 South First Street, Suite 613
San Jose, CA 95113
Tel: (408) 292-1040
Fax: (408) 416-0248

Attorney for Plaintiff
Alfredo Hernandez

# UNITED STATES DISTRICT COURT

## FOR NORTHERN OF NORTHERN CALIFORNIA

| | |
|---|---|
| ALFREDO HERNANDEZ, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>AMZONE LLC, and DOES 1-10<br><br>Defendants | Case No.: C08-02037<br>CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL:<br>1). Violation of California Labor Code §1194;<br>2). Violations of The Fair Labor Standards Act (Non-payment of overtime); 3). Violation of Labor Code §226.7; 4). "Waiting Time" Penalties under California Labor Code §203; and 5). For Restitution of Unpaid Wages in Violation of California Unfair Trade Practices Act under Business and Professions Code § 17203 |

Plaintiff, ALFREDO HERNANDEZ, on his own behalf and on behalf of others similarly situated, alleges as follows:

## NATURE OF CLAIM

1. This is a class action on behalf of putative members who had been employed on hourly rate basis by Defendants AMZONE LLC, and Does 1-10 (collectively "AMZONE LLC") during the last four years of the filing of this Complaint, seeking damages arising out of their employer's failure to pay overtime as required by the Fair Labor Standards Act ("FLSA") and the California Wage Orders and statutes. On his own behalf and on behalf of other similarly situated others who fall with the relevant statutory periods, Plaintiff seeks compensatory damages for unpaid wages under California Labor Code and Wage Orders, liquidated damages under 29

U.S.C. §216(b), damages under California Labor Code §226.7 for failure to provide meal and rest periods, waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

2. Plaintiff brings this collective action on behalf of himself and other employees pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

## PARTIES

3. During the last four years, Plaintiff was employed with Defendant AMZONE LLC as a restaurant worker.

4. AMZONE LLC, is a limited liability company registered in the state of California, with its primary place of business, according to information and belief, in San Jose, California. AMZONE LLC is engaged in the business of owing and operating Taco Bell restaurant franchises throughout California.

5. The individual Defendants Does 1 to 10, inclusive, according to information and belief, are the owners and officers or mangers of AMZONE LLC, having control over the work conditions and situations of Plaintiff and other employees of AMZONE LLC.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of all those who had been employed as employees on hourly basis by Defendants with respect to the claims alleged herein arising under the California Labor Code, and California Business and Professions Code §17200, *et. seq.*

7. Plaintiff also brings this action on behalf of such class members pursuant to 29 U.S.C. §216(b) with respect to unpaid overtime and liquidated damages arising under Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.*

8. The members of the purported class or subclass are so numerous that joinder of

2   Case No.
CLASS ACTION COMPLAINT
Leonardo v. Amzone LLC, et al.

all members is impracticable. According to information and belief, Defendant AMZONE LLC had employed a large workforce of restaurant workers and others. While the exact number of class or subclass members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believe that there are at least 30 or more members in the proposed class. Members of the class or subclass may be identified from payroll and time records maintained by AMZONE LLC, and may be notified of the pendency of this action by mail, or other appropriate media, using the notice similar to that customarily used in the wage and hours class actions.

9. Plaintiff's claims are typical of the claims of the members of the class and subclass as all members of the class and subclass are similarly affected by defendants' wrongful conduct in violation of federal and state laws governing labor standards that is complained of herein.

10. Plaintiff will fairly and adequately protect the interests of the members of the class and subclass and has retained counsel competent and experienced in wage and hour litigation.

11. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class. Among the questions of law and fact common to the class and subclass are:

(a) whether the federal and state wage hours laws were violated by defendants' acts as alleged herein;

(b) whether defendants have properly paid all putative class members for the hours that were worked in excess of 8 hours a day or 40 hours a week;

(c) whether the Defendants are liable for failure to pay the subclass members whose employment terminated during the last three years the overtime ages owed ascertainable at the time of termination of their employment;

(d) to what extent the members of the class and subclass have sustained damages and the proper measure of damages.

12. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual class and subclass members may be relatively small, the expense and burden of individual litigation make it impossible for members of the class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBJECT MATTER JURISDICTION AND VENUE

13. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 *et. seq.* and the pendant jurisdiction of this Court.

14. This Court is a proper venue, since all events giving rise to the claims of the named Plaintiff and the putative class members occurred in this district.

## SUBSTANTIVE ALLEGATIONS

15. Plaintiff was employed on hourly rates by Defendants for some period during the last four years.

16. During the last four years, Plaintiff and other hourly employees worked over 8 hours a day and forty fours a week from time to time on a regular basis.

17. Plaintiff and other hourly employees were not subject to any exemptions from overtime pursuant to the Fair Labor Standards Act and California Labor Code.

18. Within 72 hours of termination of Plaintiff and other hourly employees, Defendants willfully failed to pay them wages owed, the amount of which was readily ascertainable at the time of termination.

## COUNT ONE

*Violation of California Labor Code, Non Payment of Overtime*

*Labor Code Sections §510*

19. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-18 as if fully stated herein.

20. During last four years, Plaintiff and other hourly employees employment were subject to California Labor Code Sections 1194 and 510, and the applicable Wage Orders promulgated by the California Industrial Welfare Commission pursuant to Labor Code Section 1173, which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by the law.

21. At all times relevant herein, Plaintiff and other hourly employees regularly worked in excess of forty hours per week and in excess of eight hours per day. Plaintiff and other hourly employees received only straight time, or at some times nothing at all, from Defendants for these overtime hours.

22. During last four years, Defendants knowingly caused, suffered and permitted Plaintiff and other hourly employees to regularly work in excess of forty hours per week and eight hours per day without paying them one and one half or double of their regular rate of pay.

23. By not paying overtime wages in compliance with the state law, Defendants violated Plaintiff's and other hourly employees' rights under the law, specifically California Labor Code Section 1194.

24. As a direct and proximate result of Defendants' failure to pay proper wages under the California Wage Orders, Plaintiff and other hourly employees incurred general damages in the form of lost overtime compensation in amounts to be proven at trial.

25. Defendants had been aware of the existence and requirements of the California Labor Code Sections 510 and 1194 and the Wage Orders, and willfully, knowingly and intentionally failed to pay Plaintiff and other hourly employees the overtime compensation due to them at the time their employment ended.

26. Plaintiff was required to retain attorneys for the purpose of bringing this action and is entitled to an award of attorney's fees and pre-judgment interest pursuant to California Labor Code Section 1194(a).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT TWO

*Violation of the Fair Labor Standards Act*

*29 U.S.C. §201, et seq.*

27. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-26 as if fully stated herein.

28. At all relevant times herein, Plaintiff and other hourly employees' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. Section 201, *et seq.*

29. 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

30. Although Plaintiff and other hourly employees were not so exempt during their employment with Defendants, and although Defendants had been fully aware of both the hours worked and the duties assigned to the Plaintiff and other hourly employees, Defendants knowingly caused, suffered, and permitted Plaintiff and other hourly employees to regularly work in excess of forty hours per week without paying them one and one half of their regular rate of pay.

31. By not paying overtime wages in compliance with FLSA, Defendants violated the rights of Plaintiff and other hourly employees under FLSA.

32. As a direct and proximate result of Defendants' failure to pay proper wages under the FLSA, Plaintiff and other hourly employees incurred general damages in the form of lost overtime wages.

33. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiff and other hourly employees, their proper pay, and thus Defendants are liable to Plaintiff and other hourly employees for liquidated damages in an amount equal to their lost overtime wages pursuant to 29 U.S.C. § 216(b).

34. Plaintiff was required to retain attorneys for bringing this action and is entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT THREE

*Failure to Provide Meal Periods*

*California Labor Code § 226.7*

35. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1-34 as if fully restated hereinafter.

36. At all relevant times herein, Plaintiff's and other hourly employees' employment with Defendants was subject to the provisions of California Labor Code § 226.7, which requires the employer to provide employees a thirty-minute meal break for every five hours worked, unless expressly exempted.

37. At all times relevant herein, Plaintiff and other hourly employees worked at least 5 hours a day, and were not provided meal period as required by law.

38. For each time that Plaintiff and other hourly employees were not provided the required meal period, Plaintiff and other hourly employees are entitled to recover one additional hour of pay at each employee's regular rate of compensation pursuant to California Labor Code section 226.7.

39. Plaintiff and other hourly employees are therefore entitled to payment, in an amount to be proved at trial for additional pay for each meal period that Defendants failed to provide.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FOUR

*Penalty for Failure to Pay Wages at Termination*

*California Labor Code Sec. 203*

40. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-39 as if fully stated herein.

41. Within 72 hours of the termination of Plaintiff and other hourly employees,

Defendants failed to pay them the wages owed ascertainable at the time of termination.

42. Failure to pay proper wages at an employee's termination as required by Labor Code §201 subjects the employer to penalties provided for in Labor Code Section 203, up to 30 days of wages.

43. As of this date these wages have not been paid to Plaintiff and other hourly employees, thus making Defendants liable to Plaintiff and other hourly employees for penalties equal to 30 days wages in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT FIVE

*For Restitution of Unpaid Overtime Wages
in Violation of California's Unfair Trade Practices Act*

*Business and Profession Code § 17203*

44. Plaintiff re-alleges and incorporates the allegations of paragraphs 1-36 as if fully stated herein.

45. At all times relevant herein, Plaintiff's and other hourly employees' employment with Defendants were subject to California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission as well as FLSA, all of which required all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day unless specifically exempted by the law. California law also requires premium pay for missed meal periods.

46. During last four years, Defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code Section §17000 *et seq*.), but failed to pay the Plaintiff and other hourly employees overtime pay and premium pay for missed meal periods as required by FLSA, California Labor Code and applicable Wage Orders.

47. During the last four years, Defendants kept to themselves the unpaid overtime and meal period premiums which should have been paid to the Plaintiff and other hourly employees.

48. By doing so, Defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, *et seq.* by committing acts prohibited by applicable California Wage Orders as well as FLSA, and thus giving them a competitive advantage over other employers and businesses with whom Defendants were in competition and who were in compliance with the law.

49. As a direct and proximate result of Defendants' violations, the rights of the Plaintiff and other hourly employees under the law were violated, causing them to incur general damages in the form of unpaid wages and lost wages to which they were legally entitled.

50. The Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of state and federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiff and other hourly employees overtime pay and missed meal premiums due.

51. Having been illegally deprived of the overtime pay and other wages to which they were legally entitled, Plaintiff and other hourly employees herein seek restitution of such wages pursuant to the Business and Professions Code §17203.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants and demands as follows:

1. Award to Plaintiff and other hourly employees compensatory damages for unpaid overtime in amounts to be proven at trial to Plaintiff and other hourly employees;

2. Award to Plaintiff and other hourly employees liquidated damages equal to the overtime pay owed to Plaintiff and other hourly employees;

3. Award to Plaintiff and other hourly employees the meal period premium owed during last four years;

CLASS ACTION COMPLAINT
Leonardo v. Amzone LLC, et al.

4. Award to Plaintiff and other hourly employees the pre-judgment interest of 10% on the unpaid overtime compensation and unpaid meal period premium pursuant to California Labor Code §§ 1194(a) & 218.6.

5. Award to Plaintiff and other hourly employees the waiting time penalty damages of thirty days wages pursuant to California Labor Code Section 203 in amounts to be proven at trial;

6. Award to Plaintiff and other hourly employees the restitution of unpaid overtime pay and other wages pursuant to California Business and Professions Code §17203 in amounts to be proven at trial;

7. Enter a permanent injunctive order against Defendants ensuring the compliance with the FLSA and California Labor Code and wage orders;

8. For reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

9. Award Plaintiff the costs of suit herein.

10. Grant such other and further relief as the Court may deem appropriate.

Dated: March 19, 2008

By: /s/ ADAM WANG
Attorney for Plaintiff

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
ALFREDO HERNANDEZ, individually and on behalf of others similarly situated

## DEFENDANTS
AMZONE LLC, and DOES 1-10

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
San Jose

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. San Jose

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Adam Wang
12 South First Street, Suite 613
San Jose, CA 95113

**ATTORNEYS (IF KNOWN)**

C08 02037 RS

## II. BASIS OF JURISDICTION (PLACE AN "✗" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✗" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "✗" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✗" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 |  | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability |  | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | **SOCIAL SECURITY** | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liabiltiy | ☐380 Other Personal Property Damage | **LABOR** | ☐861 HIA (1395ff) | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☒710 Fair Labor Standards Act | ☐862 Black Lung (923) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability |  |  | ☐720 Labor/Mgmt Relations | ☐863 DIWC/DIWW (405(g)) | ☐892 Economic Stabilization Act |
|  |  |  | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐864 SSID Title XVI | ☐893 Environmental Matters |
|  |  |  | ☐740 Railway Labor Act | ☐865 RSI (405(g)) | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐790 Other Labor Litigation |  | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General |  | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty |  | ☐871 IRS - Third Party 26 USC 7609 | ☐890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other |  |  |  |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights |  |  |  |
| ☐290 All Other Real Property |  | ☐555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
29 U.S.C. 201, et seq.
Wage & Hour --overtime violation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    ☐ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✗" IN ONE BOX ONLY)
☐ SAN FRANCISCO/OAKLAND    ☒ SAN JOSE

DATE 4/17/08    SIGNATURE OF ATTORNEY OF RECORD